## R. P. SULLIVAN et al. v. ALLEN S. EASON.

Middle Section. July 31, 1928.

No petition for Certiorari was filed.

Joseph C. Higgins, of Nashville, for movant J. C. Johnson.
P. D. Maddin, of Nashville, for movant F. & D. Company.

FAW, P. J.  This case is before the court on a motion of J. F. Johnson, one of the complainants, and a counter-motion of the Fidelity & Deposit Company of Maryland, hereinafter, for the sake of brevity, called the Fidelity Company; of which motions notice has been given to the adversary parties.

On April 16, 1927, a written opinion was handed down and filed by this court in this cause by which it was held and adjudged that there was no error in the decree of the chancery court, and it was directed by this court in said written opinion that a decree be entered here affirming the decree of the chancery court in all respects.

The decree of the chancery court which was thus affirmed contained, among other things, a judgment in favor of J. F. Johnson, one of the complainants, and against the defendant Allen S. Eason and the surety on his appeal bond, Fidelity & Deposit Company of Maryland, for $400, and a further judgment in favor of the same complainant and against the defendant Allen S. Eason alone for $85.57 and certain specified costs.

With respect to the aforesaid judgment in favor of J. F. Johnson, the decree entered in this court did not follow the decree of the chancery court, but, by inadvertence and clerical error, judgment was entered in favor of J. F. Johnson and against defendant Allen S. Eason and his surety, the Fidelity Company, for only $85.57, with interest.

The motion of J. F. Johnson now made is to correct the aforesaid judgment of this court entered April 16, 1927, so as to make it conform to the written opinion of this court which, as aforestated, directed that a judgment be entered in favor of complainant J. F. Johnson and against defendant Allen S. Eason and his surety, the Fidelity Company, for $400 (the penalty of the surety bond), and a further judgment against Allen S. Eason in favor of J. F. Johnson for $85.57, and for interest on the amount of the chancery court judgment of $485.57.

Unless the counter-motion of the Fidelity Company (which will be presently stated) is sustainable, the motion of J. F. Johnson must be sustained and the decree corrected accordingly.  It is well settled that, where it appears from the written opinion of the appellate court on file in the cause that the decree as entered does not embody the judgment of the court, it may, at a subsequent term, or even after the lapse of several years, be rectified and made to conform to the opinion.  Shannon's Code, sections 4598, 4599, 6334,

6335, (Code of 1858, sections 2878, 2879, 4501, 4502) ; Polk v. Pledge, 5 Heisk., 571; Easley v. Tarkington, 5 Baxt., 592, 594; Elliot v. Cochran, 1 Cold. 388, 395; Crutchfield v. Stewart, 1 Humph., 380.

The Fidelity Company, through its counsel, is resisting the aforesaid motion of J. F. Johnson, and has filed and presented to the court a motion "to vacate the decree insofar as it renders any judgment against the Fidelity & Deposit Company of Maryland, either in favor of J. C. Johnson or H. G. Johnson, to whom each is given a judgment for $175 against it, as surety on certain appeal bonds."

The motion of the Fidelity Company must be overruled, for the reason that the Code sections before quoted do not apply to a decree which was given upon the deliberate consideration and judgment of the court, and where the written opinion of the court expressly directs that the part of the decree which it is sought to correct should be embodied therein, and the court has no power, after the close of the term, to alter or change a decree thus entered, even though the court be of opinion that such former opinion and decree were erroneous. Pettit v. Cooper, 9 Lea, 21, 24; Russell v. Colyar, 4 Heisk., 154; Kinzer v. Helm, 4 Heisk., 672, 674; Burns v. Edgefield, 3 Tenn. Chy., 137, 140; Elliot v. Cochran, supra, pp. 393, 395; Lamb v. Sneed, 4 Baxt., 349, 351; Hill v. Walker, 7 Baxt., 310, 312.

However, in the instant case we do not think there was error in our former opinion, but that the complainants J. F. Johnson, J. C. Johnson and H. G. Johnson, respectively, were entitled to judgments against the Fidelity Company as the surety of Allen S. Eason on certain appeal bonds executed in the progress of the cause. Each of the three Johnsons above named obtained a judgment against Allen S. Eason before a Justice of the Peace of Davidson county about the same time, and Eason appealed from each of said judgments to the circuit court of Davidson county and the Fidelity Company become surety on Eason's appeal bond in each of said cases. In the circuit court an order was entered under the style of the three cases, which order was as follows:

"By agreement of the parties these three causes, heretofore agreed to be heard together are to be transferred to part II Chancery Court, Davidson county, Tenn., and to be there consolidated with the case of R. P. Sullivan against said Allen S. Eason, and to be heard and determined with said cause.

"It is further stipulated and ordered that the clerk of this court shall transmit to the Clerk and Master of said chancery court all the papers in this cause together with a certified copy of this order. It is further ordered and decreed that all the costs accruing in these three cases shall abide the decision of the Chancellor, and that these causes shall be stricken from

the circuit court docket. This transfer is sanctioned by section 6074, Shannon's Code, and notes thereto."

The chancery court rendered judgments in favor of the three Johnsons, respectively, and against Allen S. Eason and the Fidelity Company as his surety on said appeal bonds, and Eason brought the case to this court by writ of error. In the written opinion of this court filed April 16, 1927, as aforestated, it is said that "the Fidelity & Deposit Company of Maryland did not join in the application for the writ of error, but, the writ having been sued out by Eason, the principal, the advantage thereby obtained by him, if any, will enure to the benefit of his surety on the bonds executed in the progress of the cause, without the joinder of the surety in the application for the writ of error."

And, in support of the statement just quoted, we cited "cases collated in Note 5 under sec. 4891, Shannon's New Code," wherein it is held that an appeal by the principal takes up the case as to sureties on prosecution bonds or other bonds executed in the progress of the cause without their joinder in the appeal, and judgment may be rendered against them, and they will be entitled to the benefit of any advantage obtained by their principal by his appeal.

In the case of intermediate, successive and final appeals, the sureties on the several appeal bonds, and other bonds executed in the progress of the cause, continue in court by their respective bonds, which bonds are, by statute, made a part of the record; and the sureties are liable thereon for such judgment as the court below should have rendered. Such is the effect of the statutes embodied in sections 4837, 4893, 4801, 4935, 4937 and 6332, Shannon's Code. See cases cited in note to sec. 4893, Shannon's New Code.

In view of these Code sections, as construed by our Supreme Court in the cases cited, this court, in its former written opinion, directed that "the judgments (of the chancery court) in favor of the complainants, respectively, and against the defendant Eason and his surety, the Fidelity & Deposit Company of Maryland, are affirmed, and a decree will be entered accordingly."

The main contention urged in support of the motion of the Fidelity Company is that the three appeal bonds here involved, and which were executed by it as surety, "contemplated and explicitly provided for an appeal to the Circuit Court," and that the parties could not by agreement between themselves, and without the consent of the surety, transfer the case to the Chancery Court so as to bind the surety to guarantee that the appellant would perform the judgment of the Chancery Court.

The three bonds in question are substantially in the same form. The bond in the J. F. Johnson case is in words and figures as follows:

"State of Tennessee, Davidson county.

"We bind ourselves unto J. F. Johnson in the sum of four hundred dollars, to be void if Allen S. Eason who has this day appealed to the next term of the Circuit Court of Davidson county, Tennessee, from a judgment of T. O. Morris, a Justice of the Peace of said county, in favor of said J. F. Johnson against said Allen S. Eason for three hundred and seventy-five dollars, shall prosecute said appeal successfully or in case of failure shall comply with and perform the judgment of said court.

"This the 12th day of Dec. 1921.

"Allen S. Eason,
"Fidelity & Deposit Co. of Md.
"By H. C. Cunningham, Atty. in Fact."

As we have seen, it was adjudged in the order of the circuit court transferring the three Johnson cases to the chancery court that such transfer was "sanctioned" by section 6074, Shannon's Code. This was, in substance and effect, an adjudication that the cases were of such character that it would be proper to transfer them to the chancery court, by virtue of the provisions of sec. 6074, supra, which reads as follows:

"Any suit of an equitable nature, brought in the circuit court, where objection has not been taken by demurrer to the jurisdiction, may be transferred to the chancery court of the county or district, or heard and determined by the circuit court upon the principles of a court of equity, with power to order and take all proper accounts, and otherwise to perform the functions of a chancery court."

The adjudication by the circuit court that the transfer was "sanctioned" by the Code Section above quoted cannot be questioned in the present proceeding.

The contention of the Fidelity Company that, because the bonds, in terms, obligated it to comply with and perform the judgments of the Circuit Court, it was not obligated to comply with and perform the judgments of the chancery court, is, we think, answered by the reasoning of the Supreme Court in the case of Ogg v. Leinart, 1 Heisk., 40, 42. In that case, on a motion made in the Supreme Court to enter judgment for costs against the security for the prosecution of the suit below, the opinion of the court was as follows:

"Complainant filed his bill, and entered into bond for the prosecution of the suit, with R. H. Harrison as his security.

The condition of the bond is, that 'H. C. Ogg shall prosecute with effect a bill in equity, this day filed by him in the chancery court at Maynardsville, against A. L. Leinart and others, or in case of failure therein, shall well and truly pay and satisfy all costs and damages that may be decreed by said chancery court.

"Upon the hearing in the Chancery Court complainant was successful, and there was a decree in his favor, and a decree for costs against defendants.

"Defendants appealed to this court, and gave security for costs, and upon the hearing the decree of the Chancellor was reversed, and complainant's bill dismissed with costs.

"The question now presented is whether the costs of this court, as well as of the chancery court, can be adjudged against complainant and his surety in the prosecution bond. It is said that the surety's liability can not be extended beyond the terms of his obligation, and that by these terms, he was only liable in the event that his principal failed to prosecute his suit successfully in the chancery court. It is true, that, by the language of his undertaking, the surety only bound himself to pay all costs and damages that might be decreed by the chancery court. In a court of law, this position would be unanswerable. But in a court of chancery, costs may be adjudged against a successful party and his surety, in the discretion of the Chancellor. In that court, a party becoming surety for costs, undertakes with reference to his discretionary power of the Chancellor, and is subject to its exercise, whether his principal succeeds or not. Allen v. Stevens, 2 Head., 251. As the appeal vacated the decree below, and empowered this court to rehear the case, the question of costs may be adjudged here, in the discretion of the court; and in the exercise of that discretion, the costs of this court, as well as of the court below, may be adjudged against the complainant and his surety.

"This view of the power of this court as to costs, is sustained by the Acts of 1859-60, chapter 120, p. 109, in which it is enacted that in all cases of bonds for the prosecution of original suits, or by appeal, certiorari, or writ of error, or where there is security taken of record in any of the courts of the State, or before a Justice of the Peace, the security shall undertake to pay all costs that may be at any time adjudged against his principal, in the event it is not paid by the principal; and that no omission or neglect to insert the proper conditions in any such bonds, shall vitiate or impair the validity of the same. It must be presumed that every surety to a prosecution bond, executes the same with a view to his liability, not only under

his bond, but under the law. In other words, the law becomes part of his contract, and imposes upon him the obligation to pay all costs that may be at any time adjudged against his principal; and no omission or neglect to insert the proper conditions in the bond, is to vitiate or impair the same. Under the provisions of this Act, as well as under the discretionary power of the chancery court, we hold that the costs in this case, of the court below, and of this court, are properly adjudged against the complainant and his surety.''

And so it must be presumed, in the instant case, that when the Fidelity Company executed the three appeal bonds for Eason, it had in contemplation the statute by which the cases might thereafter be transferred to the chancery court. In other words, the omission to insert in the bond a provision that the case might be transferred to the chancery court, if it should fall within the terms of section 6074, supra, did not vitiate or impair the validity of the bond. (Shannon's Code, sec. 4937). The law supplied the condition.

However, if we were of the opinion that the chancery court had no power to render a valid judgment on said bonds, we would, nevertheless, for the reasons before stated, be powerless to amend, order or change our former decree so as to eliminate the judgments rendered against the Fidelity Company as surety.

It results that the motion of the Fidelity Company is overruled, but the motion of complainant J. F. Johnson to correct the clerical error in the decree pointed out in his motion, so as to make the decree conform to the written opinion of this court, is granted, and an appropriate decree will be entered making such correction.

J. F. Johnson will pay the costs incident to his motion, and the Fidelity Company will pay the costs incident to its motion.

Crownover, J., concurs; DeWitt, J., did not participate.